UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA CHIN, <br><br> Plaintiff, <br><br> v. <br><br> BOEHRINGER INGELHAM PHARMACEUTICALS, INC., <br><br> Defendant. | Case No.17-cv-03703-JSC <br><br> **ORDER RE: DEFENDANT'S MOTION TO COMPEL ARBITRATION** <br><br> Re: Dkt. No. 11 |

Plaintiff Wanda Chin worked as a sales representative for Defendant Boehringer Ingelham Pharmaceuticals, Inc. ("Boehringer") for 30 years. Twenty-eight years into her employment, Boehringer requested that employees agree to an arbitration agreement as a condition to receiving certain incentive pay. Plaintiff alleges that two years later she involuntarily retired following repeated incidents of age discrimination. Plaintiff then exhausted her administrative remedies and filed this action for wrongful termination and discrimination. In response, Boehringer filed the now pending motion to compel arbitration pursuant to the arbitration agreement the company rolled out in 2013. (Dkt. No. 11.) Having considered the parties' briefs and having had the benefit of oral argument on September 7, 2017, the Court GRANTS the motion to compel and stays this action.[1]

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8 & 10.)

**BACKGROUND**

Plaintiff began working for Defendant in 1985 and left in 2015. (Dkt. No. 1-1 at ¶ 6.) In 2013, Boehringer introduced an Arbitration Agreement for Incentive Compensation-Eligible Employees (hereafter the "Arbitration Agreement") for sales representatives such as Plaintiff. (Dkt. No. 11-2 ¶ 4.) As consideration for agreeing to the Arbitration Agreement, employees were eligible to earn incentive compensation. (Dkt. No. 11-2 at ¶ 5.) Plaintiff was emailed a copy of the Arbitration Agreement. (Dkt. No. 13 ¶ 3.) Plaintiff received a Certificate of Completion for successfully completing the Incentive Compensation and Arbitration Plan Acknowledgment on October 4, 2013. (Dkt. No. 11-3 at 2; Dkt. No. 11-2 ¶ 7-8.[2]) However, Plaintiff does not recall signing, electronically or otherwise, the Arbitration Agreement or any arbitration agreement presented to her by Defendant. (Dkt. No. 13 ¶ 7.)

On September 14, 2014, Boehringer notified employees, including Plaintiff, of the 2014 Arbitration Agreement for Incentive Compensation-Eligible Employees by placing a copy of it on the company's intranet. (Dkt. No. 11-2 ¶ 9.) Plaintiff does not recall seeing the 2014 version of the Arbitration Agreement during her employment.[3] (Dkt. No. 12-3 ¶ 9.)

In 2015, after more than 30 years with Boehringer, Plaintiff involuntarily retired after experiencing pervasive and severe harassment and discrimination based on her age. (Dkt. No. 1-1 at ¶¶ 24, 31, 39.) After pursuing her administrative remedies, Plaintiff filed this action in the Alameda County Superior Court alleging discrimination and harassment based on age, and wrongful termination under state law. Defendant then removed the action to this Court based on diversity jurisdiction. (Dkt. No. 1.) Shortly thereafter, Defendant filed the underlying motion to compel arbitration. (Dkt. No. 11.)

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] Both parties agree that the 2013 and 2014 versions of the Arbitration Agreement are identical with respect to all material terms. (Dkt. No. 12 at 5, n.2; Dkt. No. 15 at 2, n.1.) However, given Plaintiff's contention that she never saw or agreed to the 2014 version, the citations herein are to the 2013 version of the Arbitration Agreement.

**LEGAL FRAMEWORK**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2-16, provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Under the FAA, "arbitration agreements [are] on an equal footing with other contracts," and therefore courts are required to enforce arbitration agreements according to their terms. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 66 (2010). "Like other contracts, however, they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id*. (internal citations and quotations omitted).

The FAA espouses a general policy favoring arbitration agreements. *AT&T Mobility v. Concepcion*, 563 U.S. 333, 131 S. Ct. 1740, 1745-46, (2011). Federal courts are required to rigorously enforce an agreement to arbitrate. *See Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The court must direct parties to proceed to arbitration should it determine: (1) that a valid arbitration agreement exists, and (2) that the agreement encompasses the dispute at issue. *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013). If the Court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Where the claims alleged in a complaint are subject to arbitration, a court may stay the action pending arbitration. *Id*. § 3.

**DISCUSSION**

There is no dispute here that the 2013 Arbitration Agreement encompasses Plaintiff's claims in this action. However, Plaintiff maintains that the Arbitration Agreement has three fatal flaws which render it unenforceable: (1) it is contrary to public policy because the it limits Plaintiff's recovery of attorney's fees; (2) it is procedurally unconscionable because it is a contract of adhesion; and (3) it is substantively unconscionable because it lacks mutuality by compelling arbitration of claims typically brought by employees while allowing claims typically brought by employers to be litigated.

**A. The Agreement is Not Contrary to Public Policy**

"It is indisputable that an employment contract that required employees to waive their rights under the FEHA to redress sexual harassment or discrimination would be contrary to public policy and unlawful." *Armendariz*, 24 Cal. 4th 83, 100-01. In *Armendariz*, the court set forth five requirements for a lawful arbitration agreement: it must "(1) provide[] for neutral arbitrators, (2) provide[] for more than minimal discovery, (3) require[] a written award, (4) provide[] for all of the types of relief that would otherwise be available in court, and (5) [] not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Id.* at 102.

Plaintiff contends that the Arbitration Agreement is contrary to public policy because it requires employees to waive their rights under FEHA. *See id.* at 101 ("an arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA"). In particular, Plaintiff contends that the Agreement mandates that a successful plaintiff cannot recover attorney's fees or expenses pursuant to her statutory rights to do so under FEHA. In support of this argument, Plaintiff cites to Paragraph 16 of the Arbitration Agreement which reads as follows:

**16. Fees and Expenses**

*Unless otherwise precluded by applicable law, fees and expenses shall be allocated as follows:*

a. Filing fees – the Company shall pay any filing fee required by the AAA.

b. Discovery costs (e.g., court reporter fees for original transcripts) shall be paid by the party initiating the discovery. The cost of copies of deposition transcripts or other discovery shall be paid by the party ordering the copy.

c. The fees and expenses of experts, consultants and others retained or consulted by a party shall be paid by the party utilizing those services, unless otherwise agreed by the parties or as provided under applicable law.

d. Hearing fees and arbitrator fees – the Company shall pay the hearing fee and arbitrator fee for the hearing.

4

> e. Postponement/cancellation fees - postponement
> and cancellation fees shall be payable, at the
> discretion of the arbitrator, by the party causing the
> postponement or cancellation.
>
> f. Other expenses - the expenses of witnesses shall
> be paid by the party requiring the presence of
> such witness, except as otherwise provided by
> law. All other ordinary and reasonable expenses of
> the arbitration, including hearing room expenses,
> travel expenses of the arbitrator, and any witnesses
> produced at the arbitrator's direction, shall be paid
> by the Company.
>
> ***g. Legal fees and expenses – each side shall pay its
> own legal fees and expenses subject to Paragraphs
> 16a through 16f above.***
>
> ***The allocation of expenses as provided for in Paragraphs 16a
> through 16g above may not be disturbed by the arbitrator
> except where the arbitrator determines that a party's claims
> were frivolous or were asserted in bad faith.***

(Dkt. No. 12-2 at 5-6 (emphasis added).) While the last two paragraphs—those on which Plaintiff relies—state that each side shall pay its own legal fees and expenses, the introductory paragraph makes clear that this is the allocation "unless otherwise precluded by applicable law." Thus, the applicable law—FEHA—controls.

That the arbitrator is bound by state law—which would include FEHA's attorney's fees provisions—is affirmed elsewhere in the Agreement, including in the section of the Arbitration Agreement actually addressing any "Award." That section states that

> "[t]he arbitrator shall be governed by applicable federal, state, and/or local law...The arbitrator shall have the authority to award any damages including compensatory damages, punitive or exemplary damages and injunctive relief to the extent permitted by applicable law. The arbitrator shall not have the authority to award to the Company the costs of the arbitration that it is otherwise required to bear under this Arbitration Plan."

(Dkt. No. 12-1 at 4 (¶ 9.b).) Further, Paragraph 13 of the Agreement states that "the arbitrator shall be bound by and shall apply applicable law including that related to the allocation of the burden of proof as well as substantive law. The arbitrator shall not have the authority either to abridge or enlarge substantive rights available under applicable law." (Dkt. No. 12-2 at 5.) Thus, the Agreement requires the arbitrator to apply FEHA, including its fee shifting provision.

In *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251 (9th Cir. 2017), for example, the Ninth Circuit held that "because the sanctions provision [wa]s silent on whether an arbitrator can award attorneys' fees to a prevailing employee, it is not inconsistent with [the statute awarding fees to a prevailing employee on a misclassification claim]. Rather, the Arbitration Procedure requires the arbitrator to comply with applicable California law, which would include [this statute] to the extent applicable." *Id.* at 1268; *see also Serpa v. California Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 709 (2013), as modified (Apr. 19, 2013), as modified (Apr. 26, 2013) (holding that an agreement requiring each side to bear its own attorney's fees in violation of FEHA was substantively unconscionable, but noting that "[h]ad the agreement to arbitrate been silent on the question of attorney fees, or provided for the recovery of attorney fees in an appropriate circumstance or in accordance with applicable law, we might agree [that the agreement was not unconscionable]").

The same reasoning applies here. The Agreement does not explicitly state that the arbitrator can award a prevailing plaintiff fees, but is not inconsistent with FEHA's fee-shifting provision as it requires the arbitrator to comply with California law. Plaintiff's lament that the last paragraph of section 16 prohibits the arbitrator from awarding a prevailing plaintiff costs is unpersuasive as that paragraph is subject to the caveat "unless prohibited by applicable law." Here, the applicable law—FEHA—allows for an award of fees and costs to a prevailing plaintiff. Thus, paragraph 16 does not violate California public policy. Further, Defendant stated on the record at oral argument that it agrees that the Agreement does not preclude the arbitrator for awarding a prevailing plaintiff legal fees and costs.

**B. The Agreement is Not Unconscionable**

Once a court concludes there is an agreement to arbitrate, it must compel arbitration unless it determines there are grounds for revocation. 9 U.S.C. § 2. The grounds under which an arbitration agreement may be revoked are governed by state law. *Perry v. Thomas*, 482 U.S. 483, 493, n. 9 (1987). Under California law, "the party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal.4th 223, 236 (2012). "In order to establish such a defense, the party

6

opposing arbitration must demonstrate that the contract as a whole or a specific clause in the contract is both procedurally and substantively unconscionable." *Poublon*, 846 F.3d at 1260. Procedural and substantive unconscionability "need not be present in the same degree." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910 (2015). Rather, there is a sliding scale: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id*. (quoting *Armendariz*, 24 Cal.4th at 114). The Court must therefore consider procedural and substantive unconscionability.

### *1) Procedural Unconscionability*

Plaintiff contends that the Arbitration Agreement is procedurally unconscionable because it is a contract of adhesion. Plaintiff identifies language in the Agreement stating that "For IC Plan Participants who did not agree to the Arbitration Plan as a condition of employment with the Company, your eligibility to participate in the Company's 2014 Sales Incentive Compensation Plan (commencing in the Performance Period after you acknowledged the Arbitration Plan) shall constitute consideration for your obligations under the Arbitration Plan." (Dkt. No. 12-2 at 2 (¶ A.1[4]).) Plaintiff insists this provision renders the Agreement unenforceable because it was not the product of a negotiation between the parties and if she did not agree to the terms, she would no longer receive the incentive compensation that generally constituted 25 percent of her total annual compensation. The Court disagrees.

"While California courts have found that 'the adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability' in a range of circumstances, the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable. *Poublon*, 846 F.3d at 1261 (quoting *Sanchez*, 61 Cal. 4th at 915). "The adhesive nature of the employment contract requires us to be particularly attuned to her claim of unconscionability, but we do not subject the contract to the same degree of scrutiny as contracts of adhesion that involve surprise or other sharp practices." *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th

---

[4] Plaintiff again cites to the wrong paragraph of the Agreement. This language is found in Paragraph 1 of Section A, not in Paragraph 3.

1237, 1245 (2016) (internal citations and quotation marks omitted). That is, "the adhesive nature of a contract, without more, would give rise to a low degree of procedural unconscionability at most." *Poublon*, 846 F.3d at 1262.

For example, in *Poublon*, the Ninth Circuit considered a similar clause and held that it was not enough that the agreement based the plaintiff's receipt of bonuses on signing the arbitration agreement (entitled the Incentive Bonus Agreement) and instead required there to be "other indications of oppression or surprise." *Poublon*, 846 F.3d at 1262. The *Poublon* agreement was similar to that here and provided that "In consideration for Your continued employment, Your eligibility for a bonus incentive, and the mutual promises set forth in this Agreement, You and the Company hereby agree as follows." *Id*. The Ninth Circuit rejected the plaintiff's argument that the failure to sign the agreement would have resulted in her termination concluding that there was no evidence to that effect; instead, this "boilerplate language merely establishes that there is consideration for the agreement." *Id*. at 1262-63. However, the court noted that even if there were evidence that signing the agreement was a condition of her employment, the plaintiff "had not established any other element of oppression or surprise associated with the employment agreement, and therefore under California law, 'the degree of procedural unconscionability of [such] an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high.'" *Id*. (quoting *Serpa*, 215 Cal. App. 4th at 704)).

Plaintiff's reliance on *Nyulassy v. Lockheed Martin Corp*., 120 Cal. App. 4th 1267, 1283 (2004), is misplaced. *Nyulassy* did not hold that contracts of adhesion are per se unenforceable as procedurally unconscionable; rather, such a contract is unenforceable if accompanied by oppression and surprise. *Nyulassy*, 120 Cal. App. 4th at 1281 (holding that procedural unconscionability "focuses on factors of oppression and surprise"). Likewise, contrary to Plaintiff's suggestion, *Fitz v. NCR Corp*. does not hold that a take it or leave it offer is sufficient in and of itself to establish procedural unconscionability. *See Fitz*, 118 Cal. App. 4th 702, 713 (2004) (holding that "[i]f the contract is found to be adhesive, the court then determines whether other factors limit its enforceability under established legal principles" including "oppression" and "surprise"); *see also Baltazar*, 62 Cal. 4th at 1245 (rejecting procedural unconscionability

8

argument because there was no evidence of "any oppression or sharp practices").

Because Plaintiff has failed to point to any additional factors which would render the Arbitration Agreement procedurally improper, the mere fact that it was a contract of adhesion is insufficient to show unconscionability unless Plaintiff can make a high showing of substantive unconscionability.

### *2) Substantive Unconscionability*

Plaintiff argues that the Arbitration Agreement is substantively unconscionable because the agreement is unfairly one-sided and lacks mutuality in three respects. First, Plaintiff argues that while the Agreement requires the parties to arbitrate any dispute "arising out of or in any way related to employment based on legally protected rights (i.e., statutory, regulatory, contractual or common law rights) that may arise between an employee or former employee and the Company," it "*exempts* from arbitration all claims typically brought by an employer (e.g. claims involving trade secrets, confidential information, unfair competition)." (Dkt. No 12 at 8:14-19 (emphasis added).) Not so. The Agreement requires the parties to arbitrate "all disputes" "arising out of or in any way related to employment based on legally protected rights" **and** allows either party to seek "an emergency temporary restraining order or other like injunctive relief where such relief is required to permit the dispute to proceed to arbitration without one party incurring irreparable harm which may not be remedied monetarily, e.g., to prevent the disclosure of a trade secret." (Dkt. No. 12-2 at 2 (¶ 2), 3 (¶ 4).) An employer's trade secret, theft of confidential information, or unfair competition claims are common law and statutory claims which are compelled to arbitration; however, to the extent that an employer seeks injunctive relief to prevent irreparable harm following theft of a trade secret, for example, the employer may pursue that relief in court, but these claims are still within the scope of the Arbitration Agreement.

Second, Plaintiff insists that injunctive relief is most frequently sought by employers and notes that an "agreement may be unfairly one-sided if it compels arbitration of the claims more likely to be brought by the weaker party but exempts from arbitration the types of claims that are more likely to be brought by the stronger party." *Fitz*, 118 Cal. App. 4th at 724. Plaintiff's argument regarding the carve-out from mandatory arbitration of injunctive relief claims is

9

unpersuasive. The Agreement states that the arbitrator may award any relief (monetary or injunctive) to the extent permitted by applicable law, and also provides that the Agreement does not prohibit the parties from going to court to seek injunctive relief. California law implicitly authorizes a provision of this sort, providing that "[a] party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending ... an application for a provisional remedy in connection with an arbitrable controversy ... upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief." Cal. Code Civ. Proc. § 1281.8(b). When an injunctive relief carve-out provision "merely confirms, rather than expands, rights available to the parties under" California law, it does not render an arbitration agreement substantively unconscionable. *See Baltazar*, 62 Cal.4th at 1247 (upholding injunctive relief carve-out provision in arbitration agreement). Although the injunctive relief carve-out in the Agreement here does not mirror the precise language of Section 1281.8, it has the same effect and does not expand the rights of either party. Accordingly, the carve-out provision is not substantively unconscionable. *See id.* at 1248 ("[A]n arbitration agreement is not substantively unconscionable simply because it confirms the parties' ability to invoke undisputed statutory rights.").

Third, Plaintiff contends that the Agreement is unfairly one-sided because it provides Defendant with the unilateral right to terminate, amend, or otherwise revise and modify the agreement.[5] This argument is likewise unavailing. Plaintiff's argument is apparently premised on Paragraph 7 of the Agreement which provides that "[t]he Company reserves the right to revise, amend, modify or discontinue this Arbitration Plan at any time in its sole discretion with thirty (30) calendar days' written notice. Such amendments may be made by publishing them on the Company intranet or by separate release to employees..." (Dkt. No. 12-2 at 3 (¶ 7).) *Poublon* addressed a similar provision which allowed the employer to unilaterally change the terms and rules by changing them on the corporate internet. *Poublon*, 846 F.3d at 1268-69. The Ninth Circuit rejected a claim of substantive unconscionability noting that "even had [the employer]

---

[5] Plaintiff concedes that the 2014 Arbitration Agreement eliminates Defendant's right to unilaterally amend, revise, or modify the agreement. (Dkt. No. 12 at 9 n.4.)

10

included a unilateral modification clause, "California courts have held that the implied covenant of good faith and fair dealing prevents a party from exercising its rights under a unilateral modification clause in a way that would make it unconscionable." *Id*. at 1229; *see also Casas v. Carmax Auto Superstores California LLC*, 224 Cal. App. 4th 1233, 1237 (2014) ("Under California law, however, even a modification clause not providing for advance notice does not render an agreement illusory, because the agreement also contains an implied covenant of good faith and fair dealing.").

The Agreement is thus not substantively unconscionable.

## CONCLUSION

For the reasons stated above, Defendant's motion to compel arbitration is GRANTED. This action is stayed pending the results of that arbitration. Within 30 days of a final decision in the arbitration action, the parties shall file a joint status report.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated: September 11, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge